# MANSFIELD TIRE & RUBBER COMPANY *v.* FORD MOTOR COMPANY.

### TRADEMARKS; CORPORATE NAMES.

The word "Ford," as applied to automobiles and their parts, not including engines, cannot properly be registered as a trademark on the application of the manufacturer of such merchandise, where it appears that a company opposing its registration and whose name is the Ford Motor Company was incorporated prior to the adoption and use of the word "Ford," and it is immaterial whether the word is to be written or printed in a peculiar manner by the applicant.

No. 983.   Patent Appeals.   Submitted November 9, 1915.   Decided November 29, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents, sustaining an opposition to the registration of a mark as a trademark.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. C. Hugh Duffy* for the appellant.

*Messrs. Barthel & Barthel* and *Mr. Theo. K. Bryant* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Patent Office sustaining the opposition of the Ford Motor Company, the appellee herein, to the registration of the word "Ford" as a trademark to the Mansfield Tire & Rubber Company, the appellant.

Note.—On the right to use a word substantially similar to that used by another as trademark as affected by difference in appearance in other respects, see note in 12 L.R.A. (N.S.) 729.

In the notice of opposition it is alleged that this mark is the same as the mark owned and in use by the appellee, and by the appellee appropriated to merchandise of the same descriptive properties, "to wit, for automobiles and their parts, not including engines." It is further set forth that the word "Ford" is "the principal characteristic word of the corporate name of the opposer." It appearing that the Ford Motor Company was incorporated prior to the adoption and use of the word "Ford" by the appellant, the Patent Office denied registration upon the authority of the decision of this court in the case of *Asbestone Co.* v. *Philip Carey Mfg. Co.* 41 App. D. C. 507. The decision clearly was right. In that case the court, speaking through Mr. Justice Van Orsdel, said: "The statute takes from the realm of possible registration the name of an individual, firm, corporation, or association, except under conditions not existing in this case. This limitation is founded upon sound principles of public policy. 'A man's name is his own property, and he has the same right to its use and enjoyment as he has to that of any other species of property.' *Brown Chemical Co.* v. *Meyer,* 139 U. S. 540, 35 L. ed. 247, 11 Sup. Ct. Rep. 625. The same rule applies to a corporation. * * * It is not the business which the statute in this particular aims to protect. It is the corporate name, and it is sufficient that possible damage may be inferred from invading the corporate right which the corporation possesses in its name." Here, as there, it is sought to register as a trademark the principal and distinguishing word of the corporate name of the appellee. Whether that word is to be written or printed in a peculiar manner is of no consequence, for, however it is written, the letters still will spell "Ford" and the domain of the appellee will be encroached upon.

The decision must be affirmed.                    *Affirmed.*